1  Amanda Groves (SBN: 187216)
   agroves@winston.com
2  **WINSTON & STRAWN LLP**
   101 California Street
3  San Francisco, CA 94111
   Telephone:    415-591-1000
4  Facsimile:    415-591-1400

5
   Attorneys for Defendant
6  LOWE'S HIW, INC.

E-filing

FILED
2011 APR 22 P 3: 51
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8              **UNITED STATES DISTRICT COURT**          RS

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                                CV  11        1996

11 | MARTIN PETERSEN, an individual, on behalf)    Case No. _____
   | of himself and all others similarly situated )
12 |                                             )    **DEFENDANT    LOWE'S    HIW,    INC.'S**
   |                Plaintiff,                    )    **NOTICE    OF    REMOVAL    OF    CIVIL**
13 |                                             )    **ACTION**
   |        vs.                                   )
14 |                                             )
   | LOWE'S    HIW,    INC,    a    Washington)    Removed  from  County  of  San  Francisco
15 | Corporation; and DOES 1-50, inclusive,      )    Superior Court, Case No. CGC-11-509122
   |                                             )
16 |                Defendants.                   )
   |                                             )
17 |                                             )
   |_____)
18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**NOTICE OF REMOVAL**

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2

3    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(d)(2), Defendant Lowe's HIW,

4    Inc. ("Defendant"), hereby removes the above-captioned matter from the Superior Court of

5    California, County of San Francisco, to this Court.  In support of its request, Defendant states as

6    follows:

7    **I.    INTRODUCTION**

8          1.    This case is hereby removed from state court to federal court under 28 U.S.C.

9    § 1332(d)(2) ("Class Action Fairness Act") because diversity of citizenship exists between

10   Defendant on the one hand, and one or more members of the putative class on the other hand, and

11   the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  The citizenship of

12   Doe Defendants should be disregarded for purposes of removal.

13   **II.   PROCEDURAL HISTORY AND BACKGROUND FACTS**

14        **A.    The State Court Action In This Case**

15        2.    On March 11, 2011, an action was commenced in the Superior Court of the

16   State of California in and for the County of San Francisco entitled *Martin Petersen v. Lowe's*

17   *Companies, Inc.*, as Case No. CGC-11-509122.  A true and correct copy of the Complaint and

18   Summons is attached hereto as respectively Exhibit A and Exhibit B.  Lowe's Companies, Inc. was

19   served with the Complaint and Summons on March 23, 2011.

20        3.    On April 21, 2011, Plaintiff filed an amended complaint naming Lowe's HIW,

21   Inc.  A true and correct copy of the Amended Complaint is attached hereto as Exhibit F.  Lowe's

22   HIW, Inc. received the Amended Complaint on April 22, 2011.

23        4.    The Amended Complaint seeks recovery of monetary damages and other

24   relief against Defendant in conjunction with class claims for alleged violations of California Civil

25   Code § 1747.08, common law negligence, invasion of privacy, and unlawful intrusion.  In particular,

26   Plaintiff alleges that Defendant requested his ZIP code, as well as the ZIP codes of similarly situated

27   persons, in connection with accepting a credit card as payment for goods and services at "Lowe's"

28   stores in California [hereinafter "Accused Credit Transactions."].

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1

**NOTICE OF REMOVAL**

CHI:2523271.8

1      5.      Defendant has not filed any process, pleadings, or other documents in the
2  State Court.

3  **III.    BASIS FOR FEDERAL COURT JURISDICTION**

4      **A.    The Class Action Fairness Act—The Parties**

5      6.      Defendant is informed and believes that Plaintiff Martin Petersen was, at the
6  time of the filing of this action, and still is, a citizen of California. *See* Exhibit F Compl. ¶ 7.

7      7.      Defendant Lowe's HIW, Inc. was, at the time of the filing of this action, and
8  still is, a citizen of Washington, in that it is incorporated in Washington and maintains its principal
9  place of business in Washington. *See* concurrently filed Declaration of John Manna, ¶ 3.

10      8.      The citizenship of Doe Defendants 1-50, inclusive, should be disregarded for
11  the purpose of establishing removal jurisdiction based on diversity of citizenship.
12  28 U.S.C. § 1441(a).  In addition, the allegations in the Complaint with respect to the potential
13  "Doe" defendants are so general that no clue is given as to their identity or relationship to the claims.
14  *See* Exhibit F Compl. ¶ 10.

15      9.      The jurisdictional bar under the Class Action Fairness Act, 28 U.S.C.
16  § 1332(d)(4), is inapplicable. Subparagraph (A) of that section is not satisfied because Defendant is
17  the only defendant in this action and Defendant is not a citizen of the state in which this action was
18  filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

19      10.      Likewise, Subparagraph (B) of 28 U.S.C. § 1332(d)(4) also is not satisfied
20  because Defendant is not a citizen of the State of California.

21      **B.    The Class Action Fairness Act—The Amount In Controversy**

22      10.      Plaintiff did not specifically allege an aggregate amount of damages in his
23  Complaint.  Rather, Plaintiff claims that he "is entitled to civil penalties in amounts of up to one
24  thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e)."
25  Exhibit F Compl. ¶ 24.

26      11.      Defendant believes that more than 5,000 Accused Credit Transactions
27  occurred at Lowe's HIW, Inc. stores in California during the one year period prior to filing the
28  Complaint in this action. *See* concurrently filed Declaration of John Manna, ¶ 4. Because Plaintiff

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2

**NOTICE OF REMOVAL**

1    seeks on behalf of himself and all similarly situated persons up to $1,000 per Accused Credit

2    Transaction in damages, a reasonable certainty exists that the amount in controversy in this action

3    exceeds $5,000,000 in damages, exclusive of interest and costs. Thus, the amount in controversy

4    requirement is met. *See* 28 U.S.C. § 1332(d)(2).

5    **III.   BASIS FOR FEDERAL COURT JURISDICTION**

6            12.     This Court is part of the "district and division" embracing the place where this

7    action was filed — County of San Francisco, California. *See* 28 U.S.C. § 1446(a).

8            13.     Pursuant to 28 U.S.C. § 1446(a), Defendant attached the Complaint as Exhibit

9    "A," the Summons as Exhibit "B," the Civil Case Cover Sheet as Exhibit "C," the Notice to Plaintiff

10   as Exhibit "D", the Application for Approval of Complex Litigation Designation as Exhibit "E," and

11   Amended Complaint as Exhibit "F." These are the only processes, pleadings, or orders in the State

12   Court's file that have been served on or received by Defendant up to the date of filing this Notice of

13   Removal.

14            14.     In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this

15   Court. Pursuant to 28 U.S.C. § 1446(b), "a notice of removal may be filed within thirty days after

16   receipt by the defendant, through service or otherwise." 28 U.S.C. § 1446(b). Defendant received

17   Plaintiff's Amended Complaint on April 22, 2011, and this Notice of Removal was filed on April 22,

18   2011. Accordingly, this Notice is timely.

19            15.     As required in 28 U.S.C. § 1446(d), Defendant will provide written notice of

20   the filing of this Notice of Removal to James R. Patterson, counsel of record for the Plaintiff, and

21   will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of

22   California in and for the County of San Francisco.

23            16.     This Notice of Removal is signed pursuant to Federal Rule of Civil

24   Procedure 11. *See* 28 U.S.C. § 1446(a).

25            17.     Assignment of this action to the San Francisco Division of the United States

26   District Court for the Northern District of California is appropriate because this action was

27   originally filed in the Superior Court of California, County of San Francisco. Civil L.R. 3-2(c) and

28   (d), 3-5(b).

*(left margin)* Winston & Strawn LLP   101 California Street   San Francisco, CA 94111-5894

CHI:2523271.8

1       18.    No admission of fact or liability is intended by this Notice of Removal, and all

2  defenses, affirmative defenses and motions are hereby expressly reserved by Defendant including

3  but not limited to the right to challenge jurisdiction and venue.

4       19.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant

5  to 28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. § 1441.

6  **IV.    REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE, IF NECESSARY.**

7

8       20.    In the event that Plaintiff files a request to remand, or the Court considers

9  remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional

   argument or evidence in support of removal.

10

11

12  Dated: April 22, 2011         WINSTON & STRAWN LLP

13                    By:     Amanda Groves

14                       Amanda Groves

15                       Attorneys for Defendant
                            LOWE'S HIW, INC..

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**NOTICE OF REMOVAL**

CHI:2523271.8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Exhibit A

MAR. 11. 2011  1:16PM   A A A LEGAL SERVICE 6506974640          NO. 1689   P. 4

ORIGINAL

**FILED**
Superior Court of California
County of San Francisco

MAR 1 1 2011

CLERK OF THE COURT
BY: _Tacram Natt_
Deputy Clerk

1 | James R. Patterson, State Bar No. 211102
   | HARRISON PATTERSON & O'CONNOR LLP
2 | 402 West Broadway, 29TH Floor
   | San Diego, CA 92101
3 | Tel: (619) 756-6990
   | Fax: (619) 756-6991
4 |
5 | Attorneys for Plaintiff and the Class
6 |
7 |
8 |                SUPERIOR COURT OF CALIFORNIA
9 |                 COUNTY OF SAN FRANCISCO
10 | MARTIN PETERSEN, an individual, on behalf )   CASE NO. **G C - 1 1 - 5 0 9 1 2 2**
    | of himself and all others similarly situated, )
11 |                                            )   **CLASS ACTION**
    |                    Plaintiff,              )
12 |                                            )   **CLASS ACTION COMPLAINT FOR:**
    |            vs.                             )
13 |                                            )   (1) VIOLATION OF CALIFORNIA
    | LOWE'S COMPANIES, INC., a North Carolina )      CIVIL CODE § 1747.08;
14 | Corporation; and DOES 1 through 50, inclusive, )
    |                                            )   (2) COMMON LAW NEGLIGENCE;
15 |                    Defendants.             )
    |                                            )   (3) INVASION OF PRIVACY; AND
16 |                                            )
    |                                            )   (4) UNLAWFUL INTRUSION
17 |                                            )        FILE VIA FAX

18 | Plaintiff Martin Petersen, on behalf of himself and all others similarly situated, complains

19 | and alleges upon information and belief based, among other things, upon the investigation made

20 | by Plaintiff by and through his attorneys, as follows:

21 | **I.     INTRODUCTION**

22 |         1.      California Civil Code section 1747.08 generally states that when a merchant is

23 | engaged in a retail transaction with a customer, the merchant may neither (1) request personal

24 | identification information from a customer paying for goods with a credit card, and then record

25 | that personal identification information upon the credit card transaction form or otherwise; nor

26 | (2) require as a condition to accepting the credit card as payment the cardholder to provide the

27 | customer's personal identification information which the retailer causes to be written, or

28 |

-1-
**CLASS ACTION COMPLAINT**

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1 | otherwise records upon the credit card transaction form or otherwise.[1]

2 |     2.     Defendants operate retail stores throughout the United States, including

3 | California. Defendants are engaging in a pattern of unlawful and deceptive business practices by

4 | requesting and recording personal identification information, including zip codes, from

5 | customers using credit cards at the point-of-sale in Defendants' retail establishments.

6 |     3.     On information and belief, Defendants use the zip codes and additional

7 | information obtained from customers' credit cards, including their names, to obtain their

8 | residential home addresses. Defendants obtain credit card customers' addresses with the help of

9 | third-party vendors such as Experian or Acxiom that maintain proprietary software and databases

10 | containing hundreds of millions of individual consumers' contact information. These vendors

11 | typically require merchants to confirm that they have obtained customers' informed consent to

12 | utilize their personal identification information before it is shared with the vendor.

13 |     4.     Defendants do not disclose their true intentions behind requesting customers' zip

14 | codes, including that it will be used to obtain customers' home addresses, or shared with third

15 | parties. Rather, Defendants rely on consumers' incorrect assumption that Defendants want their

16 | zip codes to verify their identities for security purposes and as part of the credit card transaction.

17 | But, on information and belief, Defendants are not using credit card customers' zip codes for

18 | security measures, and this information is certainly not necessary to process customers' credit

19 | cards.

20 |     5.     Plaintiff does not seek any relief greater than or different from the relief sought

21 | for the Class of which Plaintiff is a member. If successful, this action will enforce an important

22 | right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

23 | pecuniary, on a large class of persons. Private enforcement is necessary and places a

24 |

25 | [1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (e), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:

26 | (2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card

27 | transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and

28 | telephone number."

-2-
**CLASS ACTION COMPLAINT**

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1  disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

2  **II.     JURISDICTION AND VENUE**

3  6.     Plaintiff is informed and believes that defendant Lowe's Companies, Inc. is a

4  North Carolina Corporation with its corporate headquarters in Mooresville, NC.

5  7.     Plaintiff is a resident of California and entered into credit card transactions at one

6  or more of Defendants' retail locations in California.

7  8.     Defendants have accepted credit cards for the transaction of business throughout

8  California, including in the County of San Francisco.

9  9.     All injuries occurred in California, including the County of San Francisco, which

10  has caused both obligations and liability to arise in the County of San Francisco.

11  **A.     Doe Defendants**

12  10.    Except as described herein, Plaintiff is ignorant of the true names of Defendants

13  sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore

14  sues these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to

15  amend this complaint to allege their true names and capacities when ascertained.

16  **B.     Agency/Aiding And Abetting**

17  11.    At all times herein mentioned, Defendants, and each of them, were an agent or

18  joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

19  within the course and scope of such agency.  Each defendant had actual and/or constructive

20  knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

21  acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the

22  benefits of said wrongful acts.

23  12.    Defendants, and each of them, aided and abetted, encouraged and rendered

24  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

25  Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

26  substantially assist the commissions of these wrongful acts and other wrongdoings complained

27  of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized

28  that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct,

-3-
**CLASS ACTION COMPLAINT**

1 | wrongful goals, and wrongdoing.

2 | III.   **CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

3 |        A.   **Plaintiff's Contact with Defendant**

4 |        13.   On at least one occasion within the last 12 months, Plaintiff went shopping at one

5 | of Defendants' retail stores located in the state of California.

6 |        14.   Plaintiff proceeded to the cashiers' section of Defendants' store to pay for the

7 | selected merchandise with a credit card.

8 |        15.   During the credit card transaction, and as part of Defendants' policy, Defendants'

9 | cashier requested personal identification information from Plaintiff in the form of Plaintiff's zip

10 | code, without informing Plaintiff why the information was being requested.

11 |        16.   Plaintiff believe the requested information was necessary to complete the credit

12 | card transaction and provided Plaintiff's zip code to Defendants' cashier.

13 |        17.   The cashier typed and recorded Plaintiff's zip code into an electronic cash register

14 | at the checkout counter adjacent to both the employee and Plaintiff.

15 |        18.   Plaintiff then completed the transaction with the cashier and left the store with the

16 | purchased merchandise.

17 | IV.   **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

18 |        19.   Plaintiff brings this class action against Defendants, pursuant to California Code

19 | of Civil Procedure section 382, on behalf of all persons from whom Defendants requested and

20 | recorded personal identification information in conjunction with a credit card transaction in

21 | California (herein referred to as the "Class"). Excluded from the Class are Defendants, their

22 | corporate parents, subsidiaries and affiliates, officers and directors, any entity in which

23 | Defendants have a controlling interest, and the legal representatives, successors or assigns of any

24 | such excluded persons or entities.

25 |        20.   The members of the Class are so numerous that joinder of all members is

26 | impracticable. While the exact number of Class members is unknown to Plaintiff at this time,

27 | such information can be ascertained through appropriate discovery, from records maintained by

28 | Defendants.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

-4-

**CLASS ACTION COMPLAINT**

1       21.     A class action is superior to other available methods for the fair and efficient

2   adjudication of this controversy because joinder of all members is impracticable, the likelihood

3   of individual Class members prosecuting separate claims is remote and individual Class

4   members do not have a significant interest in individually controlling the prosecution of separate

5   actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the

6   Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the

7   management of this action which would preclude its maintenance as a class action.

8       22.     There is a well-defined community of interest among the members of the Class

9   because common questions of law and fact predominate, and Plaintiff's claims are typical of the

10  Class claims.

11      23.     Common questions of law and fact exist as to all members of the Class and

12  predominate over any questions affecting solely individual members of the Class. Among the

13  questions of law and fact common to the Class are:

14          a.      whether Defendants requested zip codes from credit card customers;

15          b.      whether Defendants recorded credit card customers zip codes;

16          c.      whether Defendants' conduct violates California Civil Code section 1747.08;

17          d.      what was done with the collected information, including whether it was stored,

18  sold, or otherwise disseminated to others; and

19          e.      the proper amount of civil penalties to be awarded to Plaintiff and the Class.

20      24.     Plaintiff's claims are typical of those of the other Class members because

21  Plaintiff, like every other Class member, was exposed to virtually identical conduct and is

22  entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation

23  pursuant to California Civil Code section 1747.08(e).

24      25.     Plaintiff can fairly and adequately represent the interests of the Class, has no

25  conflicts of interest with other Class members, and has retained counsel competent and

26  experienced in class action litigation.

27  ///

28  ///

-5-
**CLASS ACTION COMPLAINT**

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

55. As a proximate result of the above acts, Plaintiff and the Class' personal identification information was used by Defendants for their own profit, and to the detriment of Plaintiff and the Class, resulting in damages in the amount to be proven at trial.

56. Unless and until enjoined, and restrained by order of this Court, Defendants' wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in that their private personal information, including their home addresses and billing information will remain at risk. Defendants will continue to use this unlawfully obtained information for their own purposes and profit, it will be sold and disclosed to others, and it may be stolen and used for identity theft and credit card fraud. Plaintiff and the Class have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end this unlawful intrusion.

## V. PRAYER FOR RELIEF

1. That the Court certifies this action as a class action appointing Plaintiff as the Class Representative and Plaintiff's counsel as Class counsel;

2. For an award to Plaintiff and to each member of the Class the civil penalty to which he or she is entitled under California Civil Code section 1747.08(e);

3. For general damages according to proof;

4. Restitution and disgorgement any ill-gotten profits from Defendants to the extent permitted by applicable law, together with interest thereon from the date of payment;

5. That the Court preliminarily and permanently enjoins Defendants from engaging in the conduct alleged herein;

6. Other injunctive and declaratory relief as may be appropriate;

7. For distribution of any moneys recovered on behalf of the Class of similarly situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendants from retaining the benefits of their wrongful conduct;

8. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine;

-10-
CLASS ACTION COMPLAINT

1    9.    For costs of the suit;

2    10.    For prejudgment interest at the legal rate;

3    11.    And for such other relief as the Court may deem proper.

4    Date: March 10, 2011                    HARRISON PATTERSON & O'CONNOR LLP

5

6                                    By: _____

7                                        James R. Patterson
                                         Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
25th Floor
San Diego, CA 92101

-11-

**CLASS ACTION COMPLAINT**

Exhibit B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LOWE'S COMPANIES, INC. a North Carolina Corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN PETERSON, an individual, on
behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-11-509122 |
|---|---|

Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James R. Patterson, Esq., HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor, San Diego, CA 92101
Te: 619-756-6990 Fax: 619-756-6991

DATE:
*(Fecha)* **MAR 1 6 2011**

Clerk, by _Carolyn Balistreri_, Deputy
*(Secretario)* CAROLYN BALISTRERI *(Adjunto)*

CLERK OF THE COURT

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C

MAR. 11. 2011   1:15PM   A P-A LEGAL SERVICE 6506974640          NO. 1689   P. 2

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
James R. Patterson (SBN: 211102)
HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway, 29th Floor
San Diego, CA 92101
TELEPHONE NO.: 619-756-6990        FAX NO.: 619-756-6991
ATTORNEY FOR *(Name):* Plaintiff and the Class

**F I L E D**
Superior Court of California
County of San Francisco

MAR 1 1 2011

CLERK OF THE COURT
BY: *Parcam Natt*
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: MARTIN PETERSON v. LOWE'S COMPANIES, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited   ☐ Limited<br>(Amount)   (Amount)<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CGC - 1 1 - 5 0 9 1 2 2<br>JUDGE:<br>DEPT:<br>FILE VIA FAX |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
(Cal. Rules of Court, rules 1800–1812)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 4
5. This case ☒ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 10, 2011
James R. Patterson
   (TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]        **CIVIL CASE COVER SHEET**        American Legal Net, Inc.   www.USCourtForms.com   Cal. Rules of Court, rules 201.8, 1800–1812; Standards of Judicial Administration, § 19   www.courtinfo.ca.gov

Exhibit D

CASE NUMBER: CGC-11-509122  MARTIN PETERSEN, VS. LOWE'S COMPANIES, INC., A NOR

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> **DATE:**　**AUG-12-2011**
>
> **TIME:**　**9:00AM**
>
> **PLACE:**　**Department 610**
> **400 McAllister Street**
> **San Francisco, CA 94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.** (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

Exhibit E

1  James R. Patterson, State Bar No. 211102
   HARRISON PATTERSON & O'CONNOR LLP
2  402 West Broadway, 29TH Floor
   San Diego, CA 92101
3  Tel: (619) 756-6990
   Fax: (619) 756-6991
4
5  Attorneys for Plaintiff and the Class
6
7



F I L E D
Superior Court of California
County of San Francisco

APR 11 2011

CLERK OF THE COURT
BY: _____

8              SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF SAN FRANCISCO

10  MARTIN PETERSEN, an individual, on behalf )   CASE NO. CGC-11-509122
    of himself and all others similarly situated, )
11                                              )   **CLASS ACTION**
                         Plaintiff,             )
12                                              )   **APPLICATION FOR APPROVAL OF**
                    vs.                         )   **COMPLEX LITIGATION**
13                                              )   **DESIGNATION**
    LOWE'S COMPANIES, INC., a North Carolina)
14  corporation; and DOES 1 through 50, inclusive, )
                                                )
15                       Defendants.            )   *Complaint Filed: March 11, 2011*
                                                )
16                                              )
                                                )
17

18        Plaintiff MARTIN PETERSEN, (hereinafter referred to as "Plaintiff"), on behalf of

19  himself and all others similarly situated, submits this Application for Approval of Complex

20  Litigation Designation (hereinafter referred to as the "Application") so that the Court may issue

21  an Order Designating this Class Action as "Complex" pursuant to California Rule of Court 3.400

22  *et seq.*

23  I.    **INTRODUCTION**

24        This action is a consumer Class Action, wherein Plaintiff alleges that Defendant

25  LOWE'S COMPANIES, INC. (hereinafter referred to as "Defendant") engaged in, and continues

26  to engage in, a practice of requesting and recording the personal identification information, in the

27  form of zip codes, of their California customers who use a credit card in Defendant's retail

28  stores. Plaintiff contends that this conduct violates California Civil Code section 1747.08, which

1 | prohibits retailers from requesting and recording the personal identification information,

2 | including the zip codes, of any consumer who purchases goods with a credit card.[1] *See also*

3 | *Pineda v. Williams-Sonoma Stores, Inc.*, (2011) 51 Cal.4th 524.  Plaintiff seeks, on behalf of

4 | herself and a putative class of California consumers, statutory civil penalties of up to $1,000.00

5 | per violation.

## II. THIS ACTION MEETS THE CRITERIA FOR THE COMPLEX CASE DESIGNATION

A "Complex Case" is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision-making by the court, the parties and counsel.  Cal. R. Ct. 3.400.

California Rule of Court 3.400(b) states that in deciding whether an action is a complex case, the court shall consider, among other things, whether the action is likely to involve:

(1) Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve;

(2) Management of a large number of witnesses or a substantial amount of documentary evidence;

(3) Management of a large number of separately represented parties;

(4) Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court; or

(5) Substantial post-judgment judicial supervision.

///

///

///

---

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

APPLICATION FOR APPROVAL OF COMPLEX LITIGATION DESIGNATION

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

    (A)    **This Case is Complex Because Numerous Pretrial Motions Raising Difficult Or Novel Legal Issues Will Be Made By Each Party and Will Be Time Consuming To Resolve**

Because this action is styled as a *Class Action*, it will necessarily involve a complex and detailed motion for class certification by Plaintiff - and most likely opposed by Defendant. Should the case be resolved through a settlement either before class certification or after, the parties will necessarily bring motions for preliminary approval of a settlement and a motion for final approval of any settlement.  Additionally, it is likely that dispositive motions will be filed by the parties regarding certain claims or defenses.

Accordingly, the numerous pretrial motions involving novel or difficult legal issues warrant the Complex Case designation.

    (B)    **Management of a Large Number of Witnesses or a Substantial Amount of Documentary Evidence**

In this action, Plaintiff seeks to represent California consumers, which will likely include hundreds of thousands of Class members, whose personal identification information was requested and recorded by Defendant.  Plaintiff will necessarily seek the production of a *substantial* amount of documentary evidence (e.g., transaction records, customer accounts, policy manuals, software manuals, etc.) to establish their allegations in the Complaint and to support the motion for class certification.  Accordingly, it is believed that Plaintiff will gather a substantial amount of evidence that will be used in their motion for class certification, in any potential class settlement, and/or trial of this action.

    (C)    **Substantial Post-Judgment Judicial Supervision**

If Plaintiff prevails at trial, or if the case is resolved through settlement, the Court may be required to engage in post-judgment supervision to assure that Class benefits have been properly provided to the Class and that any unpaid residuals be distributed to the Class or to non-profit organizations, as the Court is required to do pursuant to Code of Civil Procedure section 384.

///

///

///

**III.  THIS ACTION IS ALREADY PROVISIONALLY DESIGNATED AS A "COMPLEX CASE"**

California Rule of Court 3.400(c) states that an action is provisionally a "complex case" if it involves claims involving Class Actions. Cal. R. Ct. 3.400(c)(6). While the provisional designation is not mandatory, it appears that the only condition in which a class action would not be considered "complex" is if the court has significant experience in resolving like claims involving similar facts and the management of those claims has become routine. Cal. R. Ct. 3.400(d). Accordingly, Plaintiff merely asks this Court to modify the provisional complex designation to a permanent designation.

**IV.  CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that the Court designate the above-entitled consumer Class Action as "Complex" pursuant to Rule 3.400 of the California Rules of Court.

Date: April 7, 2011                         HARRISON PATTERSON & O'CONNOR LLP

                                            By: _____
                                                James R. Patterson
                                                Attorneys for Plaintiff

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

Exhibit F

1   James R. Patterson, State Bar No. 211102
    HARRISON PATTERSON & O'CONNOR LLP
2   402 West Broadway, 29TH Floor
    San Diego, CA 92101
3   Tel: (619) 756-6990
    Fax: (619) 756-6991
4

5   Attorneys for Plaintiff and the Class

6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10  MARTIN PETERSEN, an individual, on behalf )   CASE NO. CGC-11-509122
    of himself and all others similarly situated, )
11                                             )   **CLASS ACTION**
                                   Plaintiff,  )
12                                             )   **FIRST AMENDED CLASS ACTION**
                      vs.                      )   **COMPLAINT FOR:**
13                                             )
    LOWE'S HIW, INC., a Washington             )   **(1) VIOLATION OF CALIFORNIA**
14  corporation; and DOES 1 through 50, inclusive, )  **CIVIL CODE § 1747.08;**
                                               )   **(2) COMMON LAW NEGLIGENCE;**
15                                 Defendants.  )
                                               )   **(3) INVASION OF PRIVACY; AND**
16                                             )   **(4) UNLAWFUL INTRUSION**
                                               )
17  _____ )

18        Plaintiff Martin Petersen, on behalf of himself and all others similarly situated, complains

19  and alleges upon information and belief based, among other things, upon the investigation made

20  by Plaintiff by and through his attorneys, as follows:

21  **I.    INTRODUCTION**

22        1.    California Civil Code section 1747.08 generally states that when a merchant is

23  engaged in a retail transaction with a customer, the merchant may neither (1) request personal

24  identification information from a customer paying for goods with a credit card, and then record

25  that personal identification information upon the credit card transaction form or otherwise; nor

26  (2) require as a condition to accepting the credit card as payment the cardholder to provide the

27  customer's personal identification information which the retailer causes to be written, or

28

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1  otherwise records upon the credit card transaction form or otherwise.[1]

2      2.    Defendants operate retail stores throughout the United States, including

3  California. Defendants are engaging in a pattern of unlawful and deceptive business practices by

4  requesting and recording personal identification information, including zip codes, from

5  customers using credit cards at the point-of-sale in Defendants' retail establishments.

6      3.    On information and belief, Defendants use the zip codes and additional

7  information obtained from customers' credit cards, including their names, to obtain their

8  residential home addresses. Defendants obtain credit card customers' addresses with the help of

9  third-party vendors such as Experian or Acxiom that maintain proprietary software and databases

10 containing hundreds of millions of individual consumers' contact information. These vendors

11 typically require merchants to confirm that they have obtained customers' informed consent to

12 utilize their personal identification information before it is shared with the vendor.

13     4.    Defendants do not disclose their true intentions behind requesting customers' zip

14 codes, including that it will be used to obtain customers' home addresses, or shared with third

15 parties. Rather, Defendants rely on consumers' incorrect assumption that Defendants want their

16 zip codes to verify their identities for security purposes and as part of the credit card transaction.

17 But, on information and belief, Defendants are not using credit card customers' zip codes for

18 security measures, and this information is certainly not necessary to process customers' credit

19 cards.

20     5.    Plaintiff does not seek any relief greater than or different from the relief sought

21 for the Class of which Plaintiff is a member. If successful, this action will enforce an important

22 right affecting the public interest and will confer a significant benefit, whether pecuniary or non-

23 pecuniary, on a large class of persons. Private enforcement is necessary and places a

[1] California Civil Code section 1747.08 states in relevant part:
"(a) Except as provided in subdivision (c), no person, firm, partnership, association, or corporation which accepts credit cards for the transaction of business shall do either of the following:
(2) Request, or require as a condition to accepting the credit card as payment in full or in part for goods or services, the cardholder to provide personal identification information, which the person, firm, partnership, association, or corporation accepting the credit card writes, causes to be written, or otherwise records upon the credit card transaction form or otherwise.
(b) For purposes of this section 'personal identification information,' means information concerning the cardholder, other than information set forth on the credit card, and including, but not limited to, the cardholder's address and telephone number."

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1    disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

2    **II.    JURISDICTION AND VENUE**

3       6.    Plaintiff is informed and believes that defendant Lowe's HIW, Inc. is a

4    Washington Corporation with its corporate headquarters in Mooresville, NC.

5       7.    Plaintiff is a resident of California and entered into credit card transactions at one

6    or more of Defendants' retail locations in California.

7       8.    Defendants have accepted credit cards for the transaction of business throughout

8    California, including in the County of San Francisco.

9       9.    All injuries occurred in California, including the County of San Francisco, which

10   has caused both obligations and liability to arise in the County of San Francisco.

11      **A.    Doe Defendants**

12      10.   Except as described herein, Plaintiff is ignorant of the true names of Defendants

13   sued as DOES 1 through 50, inclusive, and the nature of their wrongful conduct, and therefore

14   sues these DOE Defendants by such fictitious names.  Plaintiff will seek leave of the Court to

15   amend this complaint to allege their true names and capacities when ascertained.

16      **B.    Agency/Aiding And Abetting**

17      11.   At all times herein mentioned, Defendants, and each of them, were an agent or

18   joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

19   within the course and scope of such agency.  Each defendant had actual and/or constructive

20   knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

21   acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the

22   benefits of said wrongful acts.

23      12.   Defendants, and each of them, aided and abetted, encouraged and rendered

24   substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

25   Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

26   substantially assist the commissions of these wrongful acts and other wrongdoings complained

27   of, each of the Defendants acted with an awareness of his/its primary wrongdoing and realized

28   that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct,

1  wrongful goals, and wrongdoing.

2  **III.  CONDUCT GIVING RISE TO VIOLATIONS OF THE LAW**

3        **A.   Plaintiff's Contact with Defendant**

4        13.    On at least one occasion within the last 12 months, Plaintiff went shopping at one

5  of Defendants' retail stores located in the state of California.

6        14.    Plaintiff proceeded to the cashiers' section of Defendants' store to pay for the

7  selected merchandise with a credit card.

8        15.    During the credit card transaction, and as part of Defendants' policy, Defendants'

9  cashier requested personal identification information from Plaintiff in the form of Plaintiff's zip

10  code, without informing Plaintiff why the information was being requested.

11        16.    Plaintiff believe the requested information was necessary to complete the credit

12  card transaction and provided Plaintiff's zip code to Defendants' cashier.

13        17.    The cashier typed and recorded Plaintiff's zip code into an electronic cash register

14  at the checkout counter adjacent to both the employee and Plaintiff.

15        18.    Plaintiff then completed the transaction with the cashier and left the store with the

16  purchased merchandise.

17  **IV.   PLAINTIFF'S CLASS ACTION ALLEGATIONS**

18        19.    Plaintiff brings this class action against Defendants, pursuant to California Code

19  of Civil Procedure section 382, on behalf of all persons from whom Defendants requested and

20  recorded personal identification information in conjunction with a credit card transaction in

21  California (herein referred to as the "Class"). Excluded from the Class are Defendants, their

22  corporate parents, subsidiaries and affiliates, officers and directors, any entity in which

23  Defendants have a controlling interest, and the legal representatives, successors or assigns of any

24  such excluded persons or entities.

25        20.    The members of the Class are so numerous that joinder of all members is

26  impracticable. While the exact number of Class members is unknown to Plaintiff at this time,

27  such information can be ascertained through appropriate discovery, from records maintained by

28  Defendants.

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

21.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

22.   There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, and Plaintiff's claims are typical of the Class claims.

23.   Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

a.   whether Defendants requested zip codes from credit card customers;

b.   whether Defendants recorded credit card customers zip codes;

c.   whether Defendants' conduct violates California Civil Code section 1747.08;

d.   what was done with the collected information, including whether it was stored, sold, or otherwise disseminated to others; and

e.   the proper amount of civil penalties to be awarded to Plaintiff and the Class.

24.   Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct and is entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

25.   Plaintiff can fairly and adequately represent the interests of the Class, has no conflicts of interest with other Class members, and has retained counsel competent and experienced in class action litigation.

///

///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF

## CALIFORNIA CIVIL CODE § 1747.08

26.     Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 25 of this Complaint.

27.     California Civil Code section 1747.08 prohibits any corporation, which accepts credit cards for the transaction of business, from requesting the cardholder to provide personal identification information which the corporation then records in conjunction with a credit card transaction.

28.     Defendants accept credit cards for the transaction of business.  During the class period, Defendants had a policy of requesting and recording credit card customers' zip codes at the point-of-sale in Defendants' retail establishments.  Zip codes constitute personal identification information for purposes of section 1747.08.

29.     Plaintiff and the Class are entitled to civil penalties in amounts of up to one thousand dollars ($1,000) per violation pursuant to California Civil Code section 1747.08(e).

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

30.     Plaintiff refers to and incorporates by reference as though set forth fully herein paragraphs 1 through 29 of this Complaint.

31.     Defendants owed a duty of care to Plaintiff and the Class to reasonably protect their personal identification information, including their zip codes, home addresses and payment information, and to reasonably inform them of Defendants' intended use of their zip codes for purposes not related to the completion of their credit card transactions with Defendants.

32.     Defendants negligently failed to take reasonable steps to protect Plaintiff's and the Class' personal identifying information and payment information from being collected, stored and used without Plaintiff's and the Class' knowledge or consent.

33.     Defendants negligently failed to take affirmative steps to alert Plaintiff and the Class of Defendants' intent to use their zip codes to obtain their home addresses and other private information.

/ / /

-6-

1  34.   Defendants further negligently omitted to inform Plaintiff and the Class that it
2  would use their personal identification information for marketing, and that it would be sold or
3  otherwise disseminated to third parties.

4  35.   On information and belief, Defendants also negligently failed to comply with
5  third-party vendor rules, which require Defendants to have customers' informed consent prior to
6  sharing their personal identification information with the vendors, or using this information to
7  obtain their home addresses from the vendors' proprietary databases of information.

8  36.   On information and belief, Defendants negligently shared Plaintiffs and the Class'
9  personal identification information, including their zip codes and home addresses, with other
10  vendors and retailers, and without authorization.

11  37.   Defendants knew, or reasonably should have known that Plaintiff and the Class
12  would not have provided their zip codes to Defendants, or even entered into credit card
13  transactions with Defendants, had Plaintiff and the Class known that Defendants intended to use
14  their zip codes to obtain their home addresses, which would then be stored and shared with
15  others.

16  38.   Defendants' conduct has caused Plaintiff and the Class to suffer damages by
17  having their personal identification information accessed, stored, and disseminated without their
18  knowledge or consent, and because they have been placed at serious risk for harassment, fraud,
19  and identity theft from anyone that has, or may obtain access to their personal identification
20  information, including their zip codes, home addresses, and billing information.

21  39.   At the time of Defendants' representations and omissions, Plaintiff and the Class
22  did not know that they were false, and were ignorant of the omitted and/or concealed facts.  In
23  reliance on these misrepresentations and without the benefit of the material omissions, Plaintiff
24  and the Class entered into credit card transactions with Defendants and provided Defendants
25  with their personal identification information.

26  40.   Reliance on Defendants' representations and omissions was justified because
27  Plaintiff and the Class had no reason to believe that Defendants would use their zip codes to
28  obtain their private home addresses, that this information would be stored and used by

-7-
FIRST AMENDED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1 | Defendants, or that it would be disseminated and shared with others.

2    41.   Plaintiff and the Class have been damaged by Defendants' negligent
3 | misrepresentations in an amount to be proven at trial.

4    42.   On information and belief, Defendants received, and continue to receive
5 | substantial revenue from the unauthorized use and sale of Plaintiff's and the Class' personal
6 | identification information.   This constitutes unjust enrichment for Defendants and must be
7 | disgorged, and restored to Plaintiff and the Class.

8           **THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY**

9    43.   Plaintiff refers to and incorporates by reference as though set forth fully herein
10 | paragraphs 1 through 42 of this Complaint.

11    44.   The constitutionally guaranteed right of privacy unequivocally includes the right
12 | to control the dissemination of one's private personal information, including one's home address.

13    45.   Plaintiff and the Class have legally protectable privacy interests in their home
14 | address information, and their ability to control the disclosure and dissemination of this
15 | information.

16    46.   Plaintiff and the Class had reasonable expectations that their private home
17 | addresses would remain private when they entered into credit card transactions with Defendants.
18 | They were certainly not aware that Defendants would use their names (captured from their credit
19 | cards) and zip codes to obtain their private home addresses.

20    47.   Defendants did not disclose their intention to use Plaintiff and the Class' zip codes
21 | to obtain their home addresses, and instead requested Plaintiff and the Class' zip codes under the
22 | guise of needing them for security purposes and to complete their credit card transactions.

23    48.   Defendants' actions constitute a "serious" invasion of privacy in that Plaintiff and
24 | the Class have had their private home addresses accessed, shared, and sold to others without their
25 | knowledge or consent.  In addition to the unwanted dissemination of their private information,
26 | Plaintiff and the Class have been placed at serious risk of harassment, fraud and identity theft as
27 | a result of Defendants' conduct.

28 | ///

-8-
FIRST AMENDED CLASS ACTION COMPLAINT

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1    49.    Plaintiff and the Class have been damaged by Defendants' conduct in an amount
2    to be proven at trial.

3    50.    Unless and until enjoined, and restrained by order of this Court, Defendants'
4    wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in
5    that their private personal information, including their home addresses and billing information
6    will remain at risk. Defendants will continue to use this unlawfully obtained information for
7    their own purposes and profit, it will be sold and disclosed to others, and it may be stolen and
8    used for identity theft and credit card fraud. Plaintiff and the Class have no adequate remedy at
9    law for the injuries in that a judgment for the monetary damages will not end the invasion of
10   privacy.

11                    **FOURTH CAUSE OF ACTION FOR UNLAWFUL INTRUSION**

12   51.    Plaintiff refers to and incorporates by reference as though set forth fully herein
13   paragraphs 1 through 50 of this Complaint.

14   52.    One who intentionally intrudes upon the solitude or seclusion of another or his
15   private affairs or concerns is subject to liability for invasion of privacy. The Supreme Court of
16   California instructs that the tort of intrusion is not limited to physical invasions, but also lies
17   where the defendant "obtained unwanted access to data about the plaintiff."

18   53.    Plaintiff and the Class had reasonable expectations that their personal
19   identification information, including their private home addresses and billing information would
20   remain private when they entered into transactions with Defendants. They had no idea that
21   Defendants would use their zip codes to obtain their private home addresses, or that this
22   information would be stored and used for Defendants' profit, and sold to others. Defendants did
23   not disclose their intentions to use Plaintiff and the Class' zip codes to obtain their home
24   addresses, and instead relied on Plaintiff and the Class' false assumption that their zip codes were
25   a necessary security measure to process their credit card transactions.

26   54.    The manner in which Defendants intruded upon Plaintiff and the Class' privacy
27   rights is highly offensive to a reasonable person.

28   ///

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

1    55.    As a proximate result of the above acts, Plaintiff and the Class' personal

2    identification information was used by Defendants for their own profit, and to the detriment of

3    Plaintiff and the Class, resulting in damages in the amount to be proven at trial.

4    56.    Unless and until enjoined, and restrained by order of this Court, Defendants'

5    wrongful conduct will continue to cause Plaintiff and the Class great and irreparable injury in

6    that their private personal information, including their home addresses and billing information

7    will remain at risk.  Defendants will continue to use this unlawfully obtained information for

8    their own purposes and profit, it will be sold and disclosed to others, and it may be stolen and

9    used for identity theft and credit card fraud.  Plaintiff and the Class have no adequate remedy at

10    law for the injuries in that a judgment for the monetary damages will not end this unlawful

11    intrusion.

12    **V.    PRAYER FOR RELIEF**

13    1.    That the Court certifies this action as a class action appointing Plaintiff as the

14    Class Representative and Plaintiff's counsel as Class counsel;

15    2.    For an award to Plaintiff and to each member of the Class the civil penalty to

16    which he or she is entitled under California Civil Code section 1747.08(e);

17    3.    For general damages according to proof;

18    4.    Restitution and disgorgement any ill-gotten profits from Defendants to the extent

19    permitted by applicable law, together with interest thereon from the date of payment;

20    5.    That the Court preliminarily and permanently enjoins Defendants from engaging

21    in the conduct alleged herein;

22    6.    Other injunctive and declaratory relief as may be appropriate;

23    7.    For distribution of any moneys recovered on behalf of the Class of similarly

24    situated consumers via fluid recovery or *cy pres* recovery where necessary to prevent Defendants

25    from retaining the benefits of their wrongful conduct;

26    8.    For an award of attorneys' fees as authorized by statute including, but not

27    limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized

28    under the "common fund" doctrine;

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

-10-

1    9.    For costs of the suit;

2    10.    For prejudgment interest at the legal rate;

3    11.    And for such other relief as the Court may deem proper.

4    Date:  April 20, 2011                    HARRISON PATTERSON & O'CONNOR LLP

5

6                                                By: _____

7                                                     James R. Patterson
                                                     Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HARRISON PATTERSON & O'CONNOR LLP
402 West Broadway
29th Floor
San Diego, CA 92101

-11-

**FIRST AMENDED CLASS ACTION COMPLAINT**