1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PETERSEN, an individual; and on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>LOWE'S HIW, INC. a Washington Corporation; and DOES 2 through 50, inclusive,<br><br>        Defendants. | Related Case No.: CV-11-1996-RS<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| CHARLEEN SWANEY, an individual; and JOSEPH SARASUA, an individual; on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>     v.<br><br>LOWE'S HIW, INC. a Washington Corporation; and DOES 2 through 50, inclusive,<br><br>        Defendants. | Related Case No.: CV-11-03231-RS |
| SUSAN HURTADO, an individual; and on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>LOWE'S HIW, INC. a Washington Corporation; and DOES 2 through 50, inclusive,<br><br>        Defendants. | Related Case No.: CV-11-2193-RS |

Plaintiffs in the above-captioned actions have submitted an unopposed Motion for entry of an Order Granting Preliminary Approval of Class Action Settlement, determining certain matters in connection with the proposed Settlement of this class action, pursuant to the terms of the Settlement Agreement reached by the parties and presented to the Court for approval. After consideration of the Settlement Agreement and the exhibits annexed thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. **Defined Terms:** This Court adopts the defined terms set forth in the Settlement Agreement, including Paragraph I, for purposes of this Order, unless otherwise specified herein.

2. **Preliminary Approval of Settlement:** The terms of the Settlement Agreement are preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below. The Court concludes that the proposed Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Final Approval Hearing, and the circulation of the "Notice Package" to the Settlement Class, each as provided for in this Order.[1]

3. **Conditional Certification for Settlement Purposes:** For purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Settlement Class is conditionally certified as follows:

> All individuals who used a credit card issued for consumer credit purposes to purchase goods or services from one of Defendant's retail stores (either in person or over the phone) in the State of California during the Class Period, and whose ZIP code was requested and recorded by Defendant for any reason other than a special order, installation, or delivery.

---

[1] For purposes of this Order, "Notice Package" shall mean: (1) the Class Notice; (2) the Summary Postcard Class Notice; (3) the Summary In-Store Notice; and (4) the Claim Form, which are attached as Exhibits A and E-G, respectively, to the Parties' Settlement Agreement.

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT
RELATED CASE NO. 11-CV-01996 RS
RELATED CASE NO. 11-CV-03231 RS
RELATED CASE NO. 11-CV-02193 RS

Martin Peterson, Charleen Swaney, Joseph Sarasua, and Susan Hurtado are conditionally certified as representatives of the Settlement Class defined above, and Gene J. Stonebarger of Stonebarger Law, APC; James R. Patterson of Patterson Law Group, APC; and Reed Marcy of Aiman-Smith & Marcy, APC are appointed as Class Counsel. This conditional certification of the Settlement Class and Class Representatives, and appointment of Class Counsel, are solely for purposes of effectuating the proposed Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the unopposed Motion for Preliminary Approval of Proposed Class Settlement and supporting materials, the Court conditionally finds that the proposed Settlement Class satisfies Rule 23 of the Federal Rules of Civil Procedure in that:

    a.    The Settlement Class, which consists of thousands of individuals, is so numerous that joinder of all persons who fall within the Settlement Class definition is impracticable;

    b.    The commonality requirement is satisfied where members of the Settlement Class share at least one common legal or factual issue. Here, there are questions of law and fact common to the Settlement Class, including allegations related to the Defendant's policies with respect to the requesting and recording of ZIP code information;

    c.    The claims of the Class Representatives are typical of the claims of the Settlement Class; and

    d.    The Class Representatives will fairly and adequately protect the interests of the Settlement Class and is represented by qualified counsel who are competent to represent the Settlement Class.

The Court further conditionally finds that the proposed Settlement Class satisfies Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate

2

[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT
RELATED CASE NO. 11-CV-01996 RS
RELATED CASE NO. 11-CV-03231 RS
RELATED CASE NO. 11-CV-02193 RS

and that a class action is superior to other available methods for the fair and efficient resolution of this controversy. The Court notes that because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by this litigation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

4. **Final Approval Hearing**: A Final Approval Hearing shall take place before the undersigned, the Honorable Richard Seeborg, at 1:30 p.m., on August 23, 2012 to determine:

   a. whether the Court should finally certify the Settlement Class and whether the Class Representatives and Class Counsel have adequately represented the Settlement Class;

   b. whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

   c. whether the Released Claims of the Settlement Class Members in this Lawsuit should be dismissed with prejudice;

   d. whether the application for attorneys' fees, costs, expenses, and class representative incentive award submitted by Class Counsel should be approved; and

   e. such other matters as the Court may deem necessary or appropriate.

5. **Approval with Modifications**: The Court may finally approve the proposed Settlement Agreement at or after the Final Approval Hearing with any modifications agreed to by Defendant and the Class Representatives and without further notice to the Settlement Class.

6. **Right to Appear and Object**: Any putative Settlement Class Member who has not timely and properly provided notice of an election to opt out of the Settlement Class and the proposed Settlement in the manner set forth below may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matter to be considered at the hearing, provided, however, that no putative Settlement Class Member who has elected to opt out from the Settlement shall be entitled to object; and provided further that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless such person files the objection with the Court, with a copy delivered to Class Counsel and Defense Counsel at the

addresses set out in the Notice, no later than July 28, 2012. Settlement Class Members may object either on their own or through an attorney hired at their own expense.

7.  **Notice.** The Notices substantially in the form of Exhibits A, E and F to the Settlement Agreement are hereby approved. In particular, the Court approves the Parties' proposal that a short, postcard notice be provided to all Settlement Class Members for whom Lowe's has addresses, which directs Settlement Class Members to an easily accessible longer notice. The Court also finds that posting notice in Lowe's stores is an appropriate method for reaching Settlement Class Members whose names and addresses are unknown to Defendant. The Court further finds that the form and method of providing notice is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Settlement under Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution. The Court also approves the Claim Form attached as Exhibit G to the Settlement Agreement.

The Court approves the parties' joint selection of Kurtzman Carson Consultants LLC to administer the notice program. The costs of providing notice shall be paid as set forth in the Settlement, and the Notice Package shall be sent no later than 28 days after the entry of this Order as set forth in the Settlement.

8.  **CAFA Notice.** The Court finds that Defendant, having sent notices of the proposed Settlement to the United States Attorney General, and the attorneys general of the several states and the District of Columbia, which contained the information required by 28 U.S.C. § 1715(b) within ten (10) days of the filing of the proposed Settlement with this Court, has complied with the notice requirements of 28 U.S.C. § 1715.

9.  **Ability of Class Members to Opt Out.** All putative Settlement Class Members who wish to opt out of the Settlement Class must do so by sending a written request for exclusion to the Settlement Administrator by first-class mail as outlined in the Notice Package, signed by the putative Settlement Class Member, and providing all required information. To be considered timely, and thereby effectively exclude a person from the Settlement Class, the envelope delivering a completed

opt out request must be received no later than July 28, 2012 (the "Opt Out Deadline"). Prior to the Final Approval Hearing, Class Counsel shall file an Affidavit or Declaration from the Settlement Administrator attaching a final list of all opt out requests filed by the Opt Out Deadline.

Any putative Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be included in such Settlement Class and, if the proposed Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such person shall have objected to the Settlement.

10. **Appearance by Settlement Class Member.** Any Settlement Class Member may enter an appearance in this litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

11. **No Discovery of Settlement Materials.** No discovery with regard to the proposed Settlement shall be permitted as to any of the settling parties other than as may be directed by the Court upon a proper showing by the party seeking such discovery.

12. **Discovery and Other Litigation Activity.** All discovery and other litigation activity in this Lawsuit is hereby stayed pending a decision on Final Approval of the Settlement Agreement.

13. **No Admission.** The Settlement shall not constitute an admission, concession, or indication of the validity of any claims or defenses in the Lawsuit, or of any wrongdoing, liability or violation by Lowe's, which vigorously denies all of the claims and allegations raised in the Lawsuit.

**IT IS SO ORDERED.**

Dated: ___5/22___, 2012

*[signature]*

The Honorable Richard Seeborg
UNITED STATES DISTRICT JUDGE

---

5

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT
RELATED CASE NO. 11-CV-01996 RS
RELATED CASE NO. 11-CV-03231 RS
RELATED CASE NO. 11-CV-02193 RS

23797.000901 EMF_US 38953671v3