# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN PETERSON, an individual; and on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>LOWE'S HIW, INC. a Washington Corporation; and DOES 2 through 50, inclusive,<br>        Defendants. | Related Case No.: CV-11-1996-RS<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT** |
| CHARLEEN SWANEY, an individual; and JOSEPH SARASUA, an individual; on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>LOWE'S HIW, INC. a Washington Corporation; and DOES 2 through 50, inclusive,<br>        Defendants. | Case No.: CV-11-03231-RS |
| SUSAN HURTADO, an individual; and on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>      v.<br><br>LOWE'S HIW, INC. a Washington Corporation; and DOES 2 through 50, inclusive,<br>        Defendants. | Case No.: CV-11-2193-RS |

1    The Court has (1) reviewed and considered the terms and conditions of the proposed
Settlement as set forth in the Settlement Agreement ; (2) reviewed and considered the application of
Class Counsel for an award of attorneys' fees, costs, expenses, and a class-representative-incentive
award; (3) held a Final Approval Hearing after being satisfied that notice to the Settlement Class has
been provided in accordance with the Court's Order Granting Preliminary Approval to Proposed
Class Settlement entered on May 22, 2012 (the "Preliminary Approval Order"); (4) taken into
account the presentations and other proceedings at the Final Approval Hearing; and (5) considered
the Settlement in the context of all prior proceedings had in this litigation.  Accordingly, the Court
enters the following FINDINGS and CONCLUSIONS:

A.    Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Settlement Agreement.

B.    The Court has subject-matter jurisdiction over this Action and all acts within this Action, and over all the parties to this Action, including all members of the Settlement Class.

C.    The Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes.  Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

D.    The notice to putative Settlement Class Members was comprised of individual mailed notice to all known Settlement Class Members and steps taken to provide notice to unknown Settlement Class Members.  The Court finds that this notice (i) constituted the best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Settlement Class Members of the pendency of the Action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

/ / /

E.  The Court has held a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has been advised that there have been no objections to the Settlement.

F.  The Settlement is the product of good faith, arm's-length negotiations between the Class Representative and Class Counsel, on the one hand, and Defendant and its counsel, on the other hand.

G.  The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class.  In reaching this conclusion, the Court considered a number of factors, including:  [1] the strength of Plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.  *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)

H.  A list of those putative Settlement Class Members who have timely elected to opt out of the Settlement and the Settlement Class, and who are therefore not bound by the Settlement, the provisions of the Settlement Agreement, this Order and the final Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court in the Declaration of Jeffrey Gyomber, filed in advance of the Final Approval Hearing.  All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and final Judgment to be entered by the Clerk of the Court.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

**Certification of Class and Approval of Settlement**

1.  The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and the requirements of due

1  process and Federal Rule of Civil Procedure 23 have been satisfied.  The parties are ordered and
2  directed to comply with the terms and provisions of the Settlement Agreement.
3        2.      The Court having found that each of the elements of Federal Rules of Civil Procedure
4  23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Settlement Class is permanently
5  certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> All individuals who used a credit card issued for consumer credit purposes to purchase goods or services from one of Defendant's retail stores (either in person or over the phone) in the State of California during the Class Period, and whose zip code was requested and recorded by Defendant for any reason other than a special order, installation, or delivery.

The putative Settlement Class Members identified on the list submitted to the Court as having timely and properly elected to opt out from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement.  The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

      3.      For purposes of Settlement only, the named Plaintiffs are certified as representative of the Settlement Class and Class Counsel is appointed counsel to the Settlement Class.  The Court concludes that Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class with respect to the Settlement and the Settlement Agreement.

      4.      Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the

status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

### Release and Injunctions Against Released Claims

5.      Plaintiffs and Settlement Class Members shall and hereby do release, remise, and forever discharge Defendant and each of its respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, from any and all past, present, and future liabilities, claims, causes of action (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, which were asserted in the Action or could have been asserted under the claims or facts alleged in the Action (the "Released Claims").

6.      The Settlement Class Members are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other Action in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts claims based on or in any way related to the Released Claims.  In addition, Settlement Class Members are enjoined from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

7.      With respect to the Released Claims, Plaintiffs and all Settlement Class Members agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions rights and benefits conferred by Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE

> RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

and (b) any law of any state of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

### Dismissal; Continuing Jurisdiction

12. The Action (i.e., the three (3) related cases identified in the above caption) and the claims alleged therein are hereby ordered dismissed with prejudice.

13. Without in any way affecting the finality of this Order and the final Judgment, this Court hereby retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Settlement Agreement and (b) the enforcement of the injunctions described in paragraph 6 of this Order.

/ / /

**IT IS SO ORDERED.**

Dated: August 24, 2012

_____
Richard Seeborg
UNITED STATES DISTRICT JUDGE